**KENTUCKY STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Appellant,**

v.

**PERFORMANCE ENGINEERING, INC., Appellee.**

No. 87–CA–2037–S.

Court of Appeals of Kentucky.

Sept. 23, 1988.

William S. Howard, Howard & Green, Lexington, for appellant.

David O. Welch, Welch & Purdom, Herbert L. Rose, Ashland, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

The Kentucky State Board of Registration for Professional Engineers and Land Surveyors (Board) appeals from a summary judgment of the Franklin Circuit Court dismissing its action to enjoin Performance Engineering, Inc., from using the term "Engineering" in its corporate name. The Board contends that the court erred in finding that the name "Performance Engineering, Inc.," did not violate KRS 322.020 which prohibits the practice of engineering without a license. We disagree and affirm.

Performance Engineering, Inc., is an automotive machine shop which reconditions automobile engines. It has never performed any type of professional engineering or land survey work, nor has it advertised that it is a land surveyor or professional engineer of any type.

The Board filed suit against Performance Engineering seeking to enjoin its use of the term "Engineering" in its corporate name. The Board contended that the mere use of the term constituted a *per se* violation of KRS 322.020. The trial court disagreed and dismissed the action. It determined that there was no evidence in the record that Performance Engineering was "practicing or offering to practice or attempting to convey the impression that it was practicing the profession of an engineer or land surveyor." The court further stated that there was a significant difference between the term "engineer" as used in KRS 322.-020 and the term "engineering" which is often used to denote automobile mechanic work. From this summary judgment, the Board appeals.

As its sole allegation of error, the Board contends that the trial court erred in holding that Performance Engineering's use of the term "engineering" violates KRS 322.-020. It contends that the mere use of the word could convey the impression that the business was engaged in professional engineering and therefore its use violates KRS 322.020. We disagree.

KRS 322.020 is a licensing statute for land surveyors and engineers. It provides that "[n]o person shall practice or offer to practice engineering or land surveying, or use, assume or advertise in any way any title or description tending to convey the impression that he is an engineer or land surveyor, unless he has been registered

under this chapter." KRS 322.010 defines "engineer" and "engineering" as follows:

(2) "Engineer" means a person who is qualified by reason of his knowledge of mathematics, the physical sciences and the principles of engineering, acquired by professional education and practical experience, to engage in the practice of professional engineering;

(3) "Engineering" includes any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning and design of engineering works and systems, planning the use of land and waters, and the review of construction for the purpose of assuring compliance with drawings and specifications; any of which embraces such service or work either public or private, in connection with any utilities, structures, certain buildings, building systems, machines, equipment, processes, work systems or projects with which the public welfare or the safeguarding of life, health or property is concerned, when such professional service requires the application of engineering principles and data. *It does not include the work ordinarily performed by persons who operate or maintain machinery or equipment,* such as locomotive, stationary, marine or power plant operators, nor work embraced within the practice of land surveying[.] (Emphasis added.)

Thus, the definition of "engineering" does not include automotive machine shop work and specifically excludes work performed by persons who operate or maintain machinery or equipment. The phrase, "such as locomotive, stationary, marine or power plant operators" is not all inclusive. Although most people who operate or maintain engines are not professional engineers, the statute is not intended to prohibit the use of the words "engineer" or "engineering" in relation to their work. Are we to believe the General Assembly intended to require those in the labor force who operate and maintain heavy equipment to drop their union name of "operating engineers?" We think not.

There is no evidence in the record to show that anyone has been given the impression that Performance Engineering is engaged in the profession of engineering. Its advertisement in the yellow pages of the telephone directory is under the automotive, rather than the engineering, section. This is because the work is performed on automobile engines. There has been no proof that anyone has come to the business seeking engineering services or that any complaints have been asserted by consumers. We find no evidence of record to indicate that the circuit court's decision was clearly erroneous.

The judgment of the Franklin Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.